IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Nicene Kemp Carnes, | ) | |
| | ) | Civil Action No. 4:14-2557-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Nicene Kemp Carnes ("Carnes"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Now before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 22).[1] In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. Carnes has filed objections to the Report (ECF No. 23), and the Commissioner has responded to those objections (ECF No. 25). Accordingly, this matter is now ripe for review.

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## BACKGROUND

Carnes applied for DIB on January 20, 2010, alleging disability beginning on April 21, 2008, when she was thirty-four years old. Carnes's application was denied initially and on reconsideration. On December 13, 2011, an Administrative Law Judge ("ALJ") heard testimony from Carnes and a vocational expert. On January 30, 2012, the ALJ issued a decision denying Carnes's claim.

Carnes sought review of her case by the Appeals Council. On October 24, 2012, the Appeals Council remanded the case so that the ALJ could review new and material evidence. On June 12, 2013, the ALJ held another hearing; at which Carnes, her father, and a vocational expert testified. On July 18, 2013, the ALJ issued a second decision denying Carnes's claim. In her decision, the ALJ found that Carnes suffered from the following severe impairments: cervical dystonia with residual headaches and obesity. (ECF No. 22 at 2). The ALJ found that, despite Carnes's limitations, jobs existed in significant numbers in the national economy that she could perform. (ECF No. 22 at 3). Carnes sought review of her case by the Appeals Council. This time the Appeals Council denied Carnes's request for review, making the ALJ's decision the final decision of the Commissioner. This action followed.

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for

those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## DISCUSSION

Carnes's only specific objection to the Report concerns the weight afforded to residual functional capacity ("RFC") evaluations completed by Dr. Robert Schwartz ("Dr. Schwartz") on March 14, 2012, and on May 14, 2013. (ECF No. 23 at 2). She claims that the evidence cited by the magistrate judge should not be accepted. (ECF No. 2). The ALJ gave little weight to the opinions cited by Carnes because they were inconsistent with Carnes's daily life and the medical records. (ECF No. 9-2 at 22). The ALJ considered these opinions in light of Carnes's daily life activities, as well as the impact that Botox has on her abilities. (ECF No. 9-2 at 22). The ALJ further considered these opinions in light of the medical record. Carnes focuses her objection on the findings by the magistrate judge that these opinions are inconsistent with the consulting examination performed by Dr. David N. Holt on May 5, 2010, and that she could not afford Botox. (ECF No. 23 at 2–3). Carnes does not object to the magistrate judge's determination that the RFC evaluations were inconsistent with Carnes's daily life. The court finds that the ALJ

properly weighed the medical opinions in light of the objective medical evidence, impact of the Botox treatment, and Carnes's daily life activities. The weight afforded to the opinions is supported by substantial evidence, and the court declines Carnes's invitation to reweigh the evidence.

Carnes's remaining arguments reiterate the same arguments that she made before the magistrate judge. *See Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (stating that "a mere restatement of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review" (citation omitted)). Those arguments were adequately addressed in the well-reasoned and well-written Report. In sum, the court finds that the findings of the ALJ are supported by substantial evidence.

## CONCLUSION

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of Carnes's impairments, arguments, and functional capacity. Likewise, the magistrate judge considered each of Carnes's arguments and properly addressed each in turn, finding them without merit. The court finds no basis for disturbing the Report. Accordingly, the court adopts the Report and its recommended disposition. Therefore, for the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 25, 2015